UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIMOTHY McKINNEY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | 1:04-cv-0294-RLY-TAB |
| ) | |
| ROBERT DUPLAIN, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER ON PLAINTIFFS' MOTION TO QUASH DEFENDANTS' SUBPOENA TO DECEDENT'S ESTATE AND FOR A PROTECTIVE ORDER

### I. Introduction.

Plaintiffs bring this action under 42 U.S.C. § 1983 as a result of the police action shooting and death of 21-year old university student Michael McKinney. After both McKinney's mother and father testified in depositions that a juvenile court adjudicated McKinney for underage drinking violations, Defendants Robert Duplain and Gene Burton served a subpoena on the attorney for McKinney's estate seeking those juvenile court records. Plaintiffs moved to quash the subpoena. For the reasons set forth below, the motion to quash subpoena and for a protective order is DENIED.

### II. Discussion.

Defendants seek McKinney's juvenile records held by the Lawrence County, Indiana juvenile court. Indiana law mandates that these records are "confidential" and "available only in accordance with Ind. Code § 31-39-2." Ind. Code § 31-39-1-2. Plaintiffs contend that the Court should quash Defendants' subpoena for two reasons. First, they argue that they are not in possession or control of the juvenile records. Second, Plaintiffs assert that the records are not

relevant. [Docket No. 70, p. 6]. Defendants respond that the records are available to McKinney's estate and that because of the drinking-related nature of the juvenile proceedings, the records are relevant with regard to liability. [Docket No. 73, pp. 3-6]. Specifically, Defendants state that these records are relevant to rebut Plaintiffs' contention that it should have been patently obvious to Duplain that McKinney was severely intoxicated. [Docket No. 73, p. 6].

### 1. Possession or Control.

As a preliminary matter, Plaintiffs represent that they are not in possession or control of the juvenile records. By statute, juvenile records "are available without a court order to any party and the party's attorney." Ind. Code § 31-39-2-3. Plaintiffs contend this means the records are available only to McKinney -- the party -- or his attorney in those proceedings. Plaintiffs' interpretation of this statute is myopic. McKinney's estate is able to take any action that he himself was legally entitled to take during life. In Re Estate of Long, 804 N.E.2d 1176, 1181 (Ind. Ct. App. 2004) (relying on the well-settled premise that the personal representative of the estate stands in the decedent's shoes in allowing the personal representative of the estate to rebut decedent's presumptive paternity). Legally speaking, McKinney's estate can gain access to McKinney's juvenile court records because McKinney himself, as a party to those adjudications, could have requested and obtained access to those records pursuant to Ind. Code § 31-39-2-3.

### 2. Relevance.

As this Court has stated before, "the scope of material obtainable by a Rule 45 subpoena is as broad as permitted under the discovery rules." Graham v. Casey's General Stores, 206 F.R.D. 251, 253-54 (S.D. Ind. 2002) citing Jackson v. Brinker, 147 F.R.D. 189, 193-94 (S.D.

Ind. 1993). Where a party objects to a subpoena on the basis of relevancy, the objecting party must "specifically detail the reasons why each [request] is irrelevant...." Schaap v. Executive Indus., Inc., 130 F.R.D. 384, 387 (N.D. Ill. 1990).

Relevance for the purposes of Rule 26 means that information that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Under ordinary circumstances, given the confidential and sensitive nature of juvenile records, the Court might be inclined to quash a subpoena for such records of a deceased plaintiff in a § 1983 case. However, Plaintiffs assert that McKinney's level of severe intoxication "should have been patently obvious" to Defendant Duplain. [Docket No. 69, p. 7]. According to Plaintiff's expert, experienced drinkers develop a behavioral tolerance to alcohol that allows them to mask their level of intoxication and level of impairment to an observer. [Docket No. 73, pp. 6-7]. Plaintiffs have failed to undercut, much less even address,[1] Defendants' contention -- supported by Plaintiffs' own expert witness -- that McKinney's juvenile records may be germane to whether McKinney was an experienced drinker who was able to conceal his level of intoxication from Duplain.

Given these records' applicability to an issue Plaintiffs themselves have injected into this case, Defendants' request for these records is reasonably calculated to lead to the discovery of admissible evidence. As such, they are relevant within the scope of Rule 26. Accordingly,

---

[1] Plaintiffs filed no reply to the arguments Defendants raised in their response to the motion to quash.

3

Plaintiffs' motion to quash subpoena and for a protective order [Docket No. 70] is denied.

Dated: 08/22/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Lester H. Cohen
DEFUR VORAN
lcohen@defur.com

Michelle Lynn Cooper
DEFUR VORAN LLP
mcooper@defur.com

Geoffrey Nels Fieger
FIEGER FIEGER KENNEY & JOHNSON
info@fiegerlaw.com

Robert M. Giroux Jr.
FIEGER FIEGER KENNEY & JOHNSON
info@fiegerlaw.com

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN
BLACKWELL & HASBROOK
jfk@rucklaw.com

Thomas R. Malapit
DENNIS WAGNER & ABRELL PC
malapit@dwapc.com

David M. Mattingly
ICE MILLER
david.mattingly@icemiller.com

Scott E. Shockley
DEFUR VORAN
sshockley@defur.com

Bradley L. Williams
ICE MILLER
williamb@icemiller.com