UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TIMOTHY MCKINNEY, et al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:04-cv-0294-RLY-TAB |
| | ) | |
| ROBERT DUPLAIN, et al., | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' SECOND MOTION TO DISMISS**

Defendants' move to dismiss the individual capacity claims of Plaintiffs Timothy and Lisa McKinney (collectively "Plaintiffs") on grounds that the Seventh Circuit's recent decision in *Russ v. Watts*, 414 F.3d 783, 788 (7th Cir. 2005) is dispositive of their claims. In *Russ*, the Court overruled its prior decision in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), and thus reversed twenty years of precedent in this Circuit, to hold that a parent has no constitutional right under 42 U.S.C. § 1983 to recover for the loss of companionship of an adult child as a result of state action. The exception to this general rule is if the state action is alleged to have been "specifically aimed at interfering with [the parent-child] relationship." *Id*. at 788.

The Complaint alleges that the claims are made under 42 U.S.C. § 1983, by Timothy McKinney personally and on behalf of his wife, Lisa McKinney, for loss of society, companionship, and love of Michael McKinney. (Complaint ¶ 43). It contains no allegation that the Defendants specifically intended by their actions to interfere in the

1

relationship between Timothy and Lisa MicKinney and their son, Michael McKinney. The state action here, as advanced by the Plaintiffs, is a police action shooting occurring in a matter of seconds and with no antecedent knowledge on the part of Officer Duplain concerning Michael McKinney's age, status, or family.

      Plaintiffs respond that they may bring an action under Indiana's state survivorship statute pursuant to 42 U.S.C. § 1988.  The statute they seek to invoke is the Indiana Child Wrongful Death Statute, codified at Indiana Code 34-23-2-1.  That statute, however, is not a survivorship statute.  More importantly, Plaintiffs failed to serve the relevant political subdivision of the State with a tort claims notice as required under the Indiana Tort Claims Act.  Failure to serve the notice bars the claim.  Ind. Code 34-13-3-8.

      For these reasons, Defendants' Second Motion to Dismiss Plaintiffs' Individual Capacity Claims is **GRANTED**.


**SO ORDERED** this 14th day of September 2005.


                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana


Electronic Copies to:

Lester H. Cohen
DEFUR VORAN
lcohen@defur.com

Michelle Lynn Cooper
DEFUR VORAN LLP
mcooper@defur.com

Geoffrey Nels Fieger
FIEGER FIEGER KENNEY & JOHNSON
info@fiegerlaw.com

Robert M. Giroux Jr.
FIEGER FIEGER KENNEY & JOHNSON
info@fiegerlaw.com

John F. Kautzman
RUCKELSHAUS ROLAND KAUTZMAN BLACKWELL & HASBROOK
jfk@rucklaw.com

Thomas R. Malapit
DENNIS WAGNER & ABRELL PC
malapit@dwapc.com

David M. Mattingly
ICE MILLER
david.mattingly@icemiller.com

Scott E. Shockley
DEFUR VORAN
sshockley@defur.com

Bradley L. Williams
ICE MILLER
williamb@icemiller.com